# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRIPPEN, | ) 1:03cv6818 OWW DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO BIFURCATE |
| v. | ) |
| | ) (Document 31) |
| CITY OF FRESNO, et al., | ) |
| | ) |
| Defendants. | ) |

Defendant City of Fresno ("Defendant") filed the instant motion to bifurcate on October 14, 2005. The matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on November 10, 2005. Charles Doerksen appeared on behalf of Plaintiff Archie Crippen ("Plaintiff"). Joseph Rubin appeared on behalf of Defendant.

**BACKGROUND**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, on December 11, 2003. The action arises out of a major fire on Plaintiff's property in January 2003. On June 17, 2004, Plaintiff filed a first amended complaint, alleging that Defendant violated his equal protection rights by revoking his conditional use permits, seeking reimbursement for fire suppression costs, refusing to issue, and delaying in issuing, demolition permits, interfering with Plaintiff's business, and determining him to be a nonresponsive bidder on a publicly bid demolition project. Plaintiff contends that these constitutional deprivations occurred as a direct and proximate result

of the official policy and/or custom of Defendant. Plaintiff requests an estimated $10,000,000 in compensatory damages, as well as attorney's fees and costs.

Defendant filed the instant motion to bifurcate the liability and damages portions of the trial on October 14, 2005. Plaintiff filed his opposition on October 24, 2005. Defendant filed its reply on November 3, 2005.

On November 4, 2005, the Honorable Oliver W. Wanger continued the dispositive motion deadline to January 16, 2006, and the trial to May 23, 2006, due to upcoming mediation on November 29, 2005.

## **DISCUSSION**

A.   Legal Standard

Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate is within the sound discretion of the trial court. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). In making such a decision, the court should consider whether separate trials would further judicial economy and avoid prejudice and confusion. M2 Software, Inc., v. Madacy Entertainment, 421 F.3d 1073, 1088 (9th Cir. 2005). One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue. Hirst, 676 F.2d at 1261.

B.   Analysis

Although Defendant frames its request as a motion to bifurcate, Defendant does not seek a true bifurcation but rather seeks to phase the liability and damages portions of the trial. Defendant explains that Plaintiff must prevail on two legal issues prior to discussing damages: (1) whether Plaintiff can assert a "class of one" equal protection claim under Village of Willowbrook v. Olech, 528 U.S. 562 (2000); and (2) whether Plaintiff can establish a claim against the City under Monell v. New York Dept. of Soc. Serv., 436 U.S. 658 (1978). Defendant

1  also argues that liability and damage issues do not overlap.

2      Defendant's arguments, which are largely legal in nature, are better suited for resolution
3  on summary judgment and render a discussion of phasing the trial premature.  Moreover, whether
4  phasing the trial will result in any judicial economy remains to be seen, and depends upon
5  Plaintiff's evidence in support of his damages claim.

6      Accordingly, Defendant's motion is DENIED WITHOUT PREJUDICE.  The parties may
7  wish to discuss the possibility of phasing the liability and damages portion of the trial during the
8  pretrial conference, when they will have the benefit of a summary judgment ruling and a better
9  understanding of Plaintiff's damages claim.

10      IT IS SO ORDERED.

11  **Dated:  November 14, 2005**                   **/s/ Dennis L. Beck**
    3b142a                                                         UNITED STATES MAGISTRATE JUDGE